UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELA CUMMINGS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>VALLEY HEALTH SYSTEM, LLC, *et al*.,<br><br>　　　　　　　Defendants. | Case No. 2:16-cv-02486-JCM-GWF<br><br>ORDER |

　　　　Presently before the court is plaintiff Angela Cummings' motion to amend/correct complaint. (ECF No. 21). Defendant Valley Health System, LLC filed a response (ECF No. 24), to which plaintiff replied (ECF No. 26).

**I.　　Facts**

　　　　The instant action involves allegations of retaliatory interference with prospective employment pursuant to 42 U.S.C. §§ 1981 and 2000e-3 *eq seq.* and NRS 613.200(1) and NRS 613.210, arising from a rescission of a job offer by the Veterans Administration ("VA") allegedly based on circumstances surrounding plaintiff's employment history. (ECF No. 13).

　　　　Plaintiff filed the original complaint in state court on September 21, 2016. (ECF No. 1-3). Defendant removed the action to federal court on October 25, 2016. (ECF No. 1). Plaintiff later amended her complaint on November 18, 2016. (ECF No. 13).

　　　　In the instant motion, plaintiff seeks leave to amend her first amended complaint to remove defendant Aurora Gomez and to clarify allegations regarding a letter sent by the VA. (ECF No. 21).

**II.　　Legal Standard**

　　　　Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme

Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

**III.     Discussion**

In the instant motion, plaintiff asserts that the second amended complaint merely seeks to clarify certain allegations, remove Gomez as a defendant, and raise the possibility of future amendments. (ECF No. 21 at 4). Plaintiff contends that the proposed amended complaint sets forth facts that defendant claims were lacking and removes Gomez because "it is recognized that the allegations as to Gomez need further evidentiary support." (ECF No. 26 at 3)

In response, defendant argues that leave to amend should be denied because the motion is sought in bad faith and with dilatory motive and any amendment would be futile. (ECF No. 24 at 5–6). Specifically, defendant contends that the motion should be denied as futile because the proposed second amended complaint merely adds conclusory allegations insufficient to survive a motion to dismiss. (ECF No. 24 at 6). Defendant further contends that the motion is made "in bad faith and as a dilatory tactic given the clear evidence from the VA that contradicts the new speculative allegations." (ECF No. 24 at 7).

Plaintiff asserts in her response to defendant's motion to dismiss filed approximately a week prior to the instant motion that the allegations set forth in plaintiff's first amended complaint are sufficient to withstand 12(b)(6) dismissal. (ECF No. 19). In the instant motion, however, plaintiff fails to set forth any changes or developments occurring since her first amended complaint or her response that would otherwise explain the removal of Gomez.

1  Plaintiff merely asserts that more evidentiary support is needed to support the allegations as to
2  Gomez (ECF No. 26 at 3) and that she "reserves the right to amendment to add [Gomez] back in
3  as a party after further discovery" (ECF No. 21 at 3).
4      Notably, proof of service was due by February 16, 2017, and to date, plaintiff has yet to
5  file proof of service as to Gomez.
6      In light of the foregoing, the court will deny plaintiff's motion to amend. Further,
7  because of plaintiff's admissions in the instant motion, plaintiff shall file proof of service or a
8  notice of voluntary dismissal as to Gomez within fourteen (14) days of the entry of this order.

### IV. Conclusion

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend (ECF No. 21) be, and the same hereby is, DENIED.

    IT IS FURTHER ORDERED that plaintiff shall file proof of service or a notice of voluntary dismissal as to Gomez within fourteen (14) days of the entry of this order.

    DATED THIS 28th day of February, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE