1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

ANGELA CUMMINGS,

Case No. 2:16-CV-2486 JCM (GWF)

8

Plaintiff(s),

ORDER

9

v.

10

VALLEY HEALTH SYSTEM, LLC, et al.,

11

Defendant(s).

12
13

Presently before the court is defendant Valley Health System, LLC's ("Valley") motion to

14

dismiss. (ECF No. 16). Plaintiff Angela Cummings filed a response (ECF No. 19), to which

15

Valley replied (ECF No. 20).

16

**I.      Facts**

17

The instant action involves allegations of retaliatory interference with prospective

18

employment pursuant to 42 U.S.C. §§ 1981 and 2000e-3 *eq seq*. and NRS 613.200(1) and NRS

19

613.210, arising from a rescission of a job offer by the Veterans Administration ("VA") allegedly

20

based on circumstances surrounding plaintiff's employment history. (ECF No. 13).

21

Plaintiff, an African American female, was employed as a monitor tech/unit coordinator

22

by Valley at its Desert Springs Hospital operation from March 2005 to February 2013. (ECF No.

23

13). In 2012, plaintiff filed charges of discrimination with the Nevada Equal Rights Commission

24

("NERC") and Equal Employment Opportunity Commission ("EEOC") against Valley based on

25

sex and race discrimination. (ECF No. 13). In January 2013, Valley suspended plaintiff, and

26

plaintiff filed a subsequent charge of discrimination and retaliation, which she amended after her

27

termination. (ECF No. 13).

28

**James C. Mahan**
**U.S. District Judge**

Plaintiff brought suit based on the 2012 and 2013 charges in case number 2:13-cv-00479-APG-GWF, which she lost.  (ECF No. 13).  The matter is currently pending before the Ninth Circuit on appeal in case number 16-15369.  (ECF No. 13).

In March 2015, plaintiff applied for a position as a medical instrument technician with the VA's Southern Nevada Healthcare System ("SNHS").  (ECF No. 13).  Maria Roldan interviewed plaintiff, inquiring about her relevant work history and the reasons for her leaving her job at Desert Springs Hospital.  (ECF No. 13).  Plaintiff disclosed her termination from Desert Springs Hospital to Roldan.  (ECF No. 13).

On June 17, 2015, plaintiff received a tentative offer of employment from the SNHS, pending fingerprinting, a background and reference check, drug screening, various forms, and physical and boarding process.  (ECF No. 13).  Throughout this process, plaintiff maintained contact with two VA human resources ("HR") representatives, Nadine Harris and Merlinda Winbush.  (ECF No. 13).

In September 2015, Harris advised plaintiff that the HR department had initiated the final step of the application process, which was employment verifications to former employers, including Valley.  (ECF No. 13).  Harris further informed plaintiff that the verification packet would be sent to Desiree Crawford, VA Associate Nurse Executive, for review and signature and then to the Professional Standards Board ("PSB").  (ECF No. 13).  Plaintiff was scheduled to meet with the PSB on October 8, 2015.  (ECF No. 13).  However, the packet was not forwarded to the PSB because Crawford had not signed it due to being out of the office on business.  (ECF No. 13).

On November 10, 2015, Winbush called plaintiff and stated that the VA was rescinding its job offer.  (ECF No. 13).  On that same date, an email was sent to plaintiff informing her that the VA decided to rescind her tentative job offer due to plaintiff's employment history.  (ECF No. 13).  Plaintiff made various attempts to contact the VA to inquire about the rescinding of its job offer.  (ECF No. 13).  Plaintiff alleges that she received a letter from Crawford dated December 8, 2015, which stated that the reason for the withdrawal was because of plaintiff's "terminat[ion] from employment with Valley Health Systems for '. . . violation of company policy and work performance issues . . . ."  (ECF No. 13 at 8).

Plaintiff alleges that Valley provided negative and misleading information to the VA for the purpose of interfering with plaintiff's employment opportunity with the VA.  (ECF No. 13).  On May 27, 2016, plaintiff filed a charge of retaliation with the EEOC.  (ECF No. 13).  The EEOC issue a notice of suit rights on June 24, 2016.  (ECF No. 13).

Plaintiff filed the original complaint in state court on September 21, 2016.  (ECF No. 1-3).  Valley removed the action to federal court on October 25, 2016.  (ECF No. 1).  Plaintiff later amended her complaint on November 18, 2016.  (ECF No. 13).  In the amended complaint, plaintiff alleges three causes of action: (1) retaliation in violation of 42 U.S.C. § 1981; (2) intentional interference with prospective economic advantage; and (3) retaliation in violation of 42 U.S.C. § 200e-3.  (ECF No. 13).

In the instant motion, Valley moves to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 16).  In addition, Valley moves for sanctions pursuant to Rule 11 (ECF No. 22), and plaintiff moves for sanctions pursuant to 28 U.S.C. § 1927 (ECF No. 34).  The court will address each in turn.

## II.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

1    *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory

2    statements, do not suffice.  *Id.* at 678.

3           Second, the court must consider whether the factual allegations in the complaint allege a

4    plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

5    alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

6    alleged misconduct.  *Id.* at 678.

7           Where the complaint does not permit the court to infer more than the mere possibility of

8    misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.*

9    (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line

10   from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

11          The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

12   1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

13          First, to be entitled to the presumption of truth, allegations in a complaint or
            counterclaim may not simply recite the elements of a cause of action, but must
14          contain sufficient allegations of underlying facts to give fair notice and to enable
            the opposing party to defend itself effectively.  Second, the factual allegations that
15          are taken as true must plausibly suggest an entitlement to relief, such that it is not
            unfair to require the opposing party to be subjected to the expense of discovery and
16          continued litigation.

17   *Id.*

18   **III.    Discussion**

19          **A.  Motion to Dismiss**

20                 *1.  Retaliation (claims 1 & 3)*

21          While plaintiff makes separate claims for discrimination in violation of Title VII (claim 3)

22   and the Civil Rights Act of 1866 (claim 1), the Ninth Circuit has held that the same evidentiary

23   standards and analytical framework apply to both statutes.  *See Metoyer v. Chassman*, 504 F.3d

24   919, 930-31 (9th Cir. 2007).  Therefore, the court will analyze these claims together.

25          In the instant motion, Valley argues that plaintiff's speculative allegations that Valley

26   provided negative information about plaintiff to the VA cannot be accepted as true.  (ECF No. 16

27   at 5).  Valley further contends that plaintiff fails to sufficiently allege a causal connection between

28   her charges and a lawsuit against Valley and Valley's alleged retaliatory conduct—*i.e.*, that the

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   reason Valley retaliated against plaintiff by allegedly providing misleading negative information

2   to the VA was because plaintiff filed charges and a lawsuit against Valley in 2012 and 2013.  (ECF

3   No. 16 at 7–8).  Valley maintains that plaintiff cannot rely on her filings approximately three years

4   prior to support an inference of causation.  (ECF No. 16 at 8).  The court agrees.

5          Federal law provides that "it is unlawful to retaliate against an employee because she has

6   taken action to enforce rights protected under Title VII."  *Miller v. Fairchild*, 797 F.2d 727, 730

7   (9th Cir. 1986).  "To succeed in a retaliation claim, the plaintiff must demonstrate (1) that she was

8   engaging in protected activity, (2) that she suffered an adverse employment decision, and (3) that

9   there was a causal link between her activity and the employment decision."  *Hashimoto v. Dalton*,

10  118 F.3d 671, 679 (9th Cir. 1997).

11         In her amended complaint, plaintiff alleges that Valley retaliated against her "after she

12  complained and participated in charges of discrimination and retaliation including the litigation of

13  those charges and complaints."  (ECF No. 13 at 10).  In particular, plaintiff alleges that she

14  "suffered one or more adverse consequences intentionally imposed by [Valley]" in retaliation for

15  her filing charges and a lawsuit against Valley for discrimination based on race and sex in 2012

16  and 2013.  Plaintiff further alleges that Valley interfered with her employment opportunities with

17  the VA by providing negative and misleading information because the VA withdrew her tentative

18  job offer based thereon.  (ECF No. 13 at 10–11).

19         Plaintiff, however, fails to allege sufficient facts to raise an inference of causation.  She

20  filed charges and a lawsuit against Valley in 2012 and 2013, and Valley's alleged retaliatory

21  conduct occurred in 2015.  "A nearly 18-month lapse between protected activity and an adverse

22  employment action is simply too long, by itself, to give rise to an inference of causation."

23  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (citing cases).

24         In light of the foregoing, plaintiff has failed to state a retaliation claim against Valley

25  sufficient to withstand a 12(b)(6) motion to dismiss.  Plaintiff fails to sufficiently allege that the

26  VA withdrawing her employment offer was based on the allegedly negative and misleading

27  information provided by Valley or that Valley providing such information to the VA was because

28  plaintiff filed charges and a lawsuit against Valley in 2012 and 2013.  The complaint does not

James C. Mahan
U.S. District Judge

1   contain facts sufficient to raise a reasonable inference that Valley is liable for the alleged

2   misconduct.

3          Accordingly, the court will grant Valley's motion to dismiss as to plaintiff's retaliation

4   claims (claims 1 & 3).

5                  *2.  Intentional Interference with Prospective Economic Advantage (claim 2)*

6          In the instant motion, Valley argues that plaintiff fails to allege what Valley told the VA or

7   any factual basis for her information and belief.  (ECF No. 16 at 9).  Valley further contends that

8   plaintiff fails to allege any facts sufficient for the court to infer that Valley intended to harm

9   plaintiff or would have been unjustified in not recommending her for the position.  (ECF No. 16

10  at 9).  The court agrees.

11         To state a claim for wrongful or intentional interference with a prospective economic

12  advantage, a plaintiff must plead and prove five elements:

13             1) a prospective contractual relationship between the plaintiff and a third party; 2)
             the defendant's knowledge of this prospective relationship; 3) the intent to harm
14             the plaintiff by preventing the relationship; 4) the absence of privilege or
             justification by the defendant; and, 5) actual harm to the plaintiff as a result of the
15             defendant's conduct.

16  *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1225 (Nev. 1987); *see also In re Amerco Derivative*

17  *Litig.*, 252 P.3d 681, 702 (Nev. 2011).  "To establish this tort, a plaintiff 'must show that the means

18  used to divert the prospective advantage was unlawful, improper or was not fair and reasonable.'"

19  *Williams v. Univ. Med. Ctr. of S. Nev.*, 688 F. Supp. 2d 1134, 1140 (D. Nev. 2010) (quoting *Custom*

20  *Teleconnect, Inc. v. Int'l Tele–Servs., Inc.*, 254 F. Supp. 2d 1173, 1181 (D. Nev. 2003)).

21         Here, plaintiff alleges that she possessed a prospective economic advantage as to her

22  employment opportunity with the VA.  (ECF No. 13 at 11).  In particular, plaintiff alleges that

23  Valley intentionally interfered with her employment opportunity with the VA because her tentative

24  employment offer was rescinded after Valley interfered by providing false and misleading

25  information about her termination to the VA.  (ECF No. 13 at 8, 11–12).  Plaintiff states that her

26  belief is based on her personal knowledge and experience with Valley and Valley's previous

27  treatment of her in the past.  (ECF No. 13 at 9).

28

James C. Mahan
U.S. District Judge

Plaintiff further alleges that the letter from Crawford stated the reason for the VA's withdrawing plaintiff's employment offer was because plaintiff had "been terminated from employment with Valley Health Systems for '. . . violation of company policy and work performance issues.'" (ECF No. 13 at 8).  Plaintiff maintains that Valley provided the VA with negative and misleading information about her because the VA did not ask her about the details regarding her termination even though she had previously disclosed her termination from Desert Springs Hospital to the VA.  (ECF No. 13 at 8).

However, plaintiff fails to provide sufficient facts as to the absence of justification by Valley.  While plaintiff alleges that Valley provided false and misleading information, she fails to set sufficiently allege any false or misleading information provided by Valley.  Plaintiff asserts that Valley provided negative information to the VA including her pending lawsuit, but fails to set forth any facts in support as to how providing information about her pending lawsuit was unlawful, improper, or unreasonable.  In fact, plaintiff's amended complaint acknowledges that she was unsuccessful in her lawsuit against Valley and that an appeal is pending.

Based on the foregoing, plaintiff has failed to sufficiently state a claim against Valley for intentional interference with a prospective economic advantage.  Accordingly, the court will grant Valley's motion to dismiss as to this claim.

**B.  Sanctions**

Courts have three primary sources of authority upon which to sanction parties or their lawyers for improper conduct: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

*1.  Rule 11*

Valley moves for sanctions under Rule 11, arguing that plaintiff's factual allegations lack evidentiary support and were brought for an improper purpose.  (ECF No. 22).  Valley argues that plaintiff's amended complaint sets forth allegations that plaintiff and her counsel knew were false at the time of filing.  (ECF No. 22 at 5–6).  Valley asserts that it provided plaintiff with records

**James C. Mahan**
**U.S. District Judge**

from the VA that stated "[n]o information from Valley only dates of employment" and that plaintiff elected to proceed with a motion to amend the complaint despite the disclosure.  (ECF No. 22 at 10).  Valley thus maintains that because it was apparent that it provided no misleading or negative information to the VA, plaintiff and her counsel pursued the instant matter for improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  (ECF No. 22 at 7).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).  The purpose of Rule 11 is to deter baseless filings and litigation abuses.  *See Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003).  Further, Rule 11 addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment."  *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988).

"An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'"  *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)).  "A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions."  *Chambers v. Nasco, Inc.*, 501 U.S. 32, 35 (1991); *Avendano v. Sec. Consultants Grp.*, 302 F.R.D. 588, 591 (D. Nev. 2014).

> Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted "a reasonable and competent inquiry" before signing and filing it.

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

In her response, plaintiff argues that sanctions are not proper because there is a proper basis for her claims and because the proposed second amended complaint is

James C. Mahan
U.S. District Judge

1   sufficient to cure any alleged deficiencies.  (ECF No. 29).  Plaintiff asserts "the HR and

2   Nursing management people at VA informed [her] that it was the negative information

3   about her employment at VHS that caused VA to rescind the tentative job offer."  (ECF

4   No. 29 at 5).  Plaintiff further contends that she is not compelled to take as true the

5   unauthenticated hearsay contained in the documents provided by Valley and that her claims

6   are supported by circumstantial evidence so as to warrant an opportunity for further

7   investigation and discovery.  (ECF No. 29 at 7–8).

8        Upon consideration of the underlying pleadings, the court finds that plaintiff had enough

9   information to file the complaint, but not enough evidence to sustain the complaint.  Sanctions

10  under Rule 11 is an "extraordinary remedy," and the grounds set forth in Valley's motion do not

11  rise to the requisite level so as to warrant such a remedy.

12       Accordingly, the court will deny Valley's motion for sanctions under Rule 11.

13            *2.  Section 1927*

14       Plaintiff requests that the court grant her motion for sanctions under § 1927 and order

15  defense counsel to personally satisfy her the costs, expenses, and attorney's fees for responding to

16  Valley's motion to stay discovery and the instant motion for sanctions.  (ECF No. 34 at 17).

17  Plaintiff argues that defense counsel's motion is in bad faith because the parties stipulated to a

18  discovery plan and scheduling order in November (ECF Nos. 10, 11). (ECF No. 34 at 16).  Plaintiff

19  further contends that Valley's motion to stay discovery was in bad faith because it was made to

20  delay the instant matter and prevent plaintiff from taking third-party discovery.  (ECF No. 34 at

21  15).

22       The court may award attorney's fees and costs pursuant to § 1927.  Section 1927 provides

23  as follows:

24       Any attorney or other person admitted to conduct cases in any court of the United
         States or any Territory thereof who so multiplies the proceedings in any case
25       unreasonably and vexatiously may be required by the court to satisfy personally the
         excess costs, expenses, and attorneys' fees reasonably incurred because of such
26       conduct.

27  28 U.S.C. § 1927.  Sanctions under § 1927 "must be supported by a finding of subjective bad

28  faith."  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 436 (quoting *New Alaska Dev. Corp. v.*

James C. Mahan
U.S. District Judge

1    *Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)).  "Bad faith is present when an attorney

2    knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose

3    of harassing an opponent."  *Id.* (citation omitted).

4         Here, plaintiff has failed to show, or even allege, that defense counsel "multiplied"

5    proceedings in the instant case or that defense counsel acted recklessly or in bad faith.  "An

6    attorney's delays and failures to act warrant § 1927 sanctions only if they are so egregious as to

7    'multiply' the proceedings."  *Schmitzer v. Cty. of Riverside*, 26 F. App'x 701, 703 n.6 (9th Cir.

8    2002) (citing *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990)

9    (affirming § 1927 sanctions where counsel failed to provide any evidence of discriminatory intent,

10    failed to answer interrogatories, failed to respond to a document demand and failed to drop the

11    case after improperly serving a defendant)).

12         Accordingly, plaintiff's motion for sanctions under § 1927 will be denied.

13   **IV.**    **Conclusion**

14         Accordingly,

15         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Valley's motion to

16    dismiss (ECF No. 16) be, and the same hereby is, GRANTED without prejudice consistent with

17    the foregoing.

18         IT IS FURTHER ORDERED that Valley's motion to stay (ECF No. 30) be, and the same

19    hereby is, DENIED as moot.

20         IT IS FURTHER ORDERED that Valley's motion for sanctions pursuant to Rule 11 (ECF

21    No. 22) be, and the same hereby is, DENIED.

22         IT IS FURTHER ORDERED that plaintiff's motion for sanctions pursuant to 28 U.S.C. §

23    1927 (ECF No. 34) be, and the same hereby is, DENIED.

24         DATED March 9, 2017.

25

26                   UNITED STATES DISTRICT JUDGE

27

28

**James C. Mahan**
**U.S. District Judge**

- 10 -